**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1977**

_____

JOHN C. GRIMBERG COMPANY, INC.,

Plaintiff – Appellant,

v.

XL SPECIALTY INSURANCE COMPANY; XL INSURANCE AMERICA, INCORPORATED,

Defendants – Appellees

and

ARCH SPECIALTY INSURANCE COMPANY; WATFORD SPECIALTY INSURANCE COMPANY,

Defendants.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:23-cv-01690-AJT-WEF)

_____

Argued:  October 22, 2025                    Decided:  November 18, 2025

_____

Before QUATTLEBAUM, HEYTENS and BERNER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Edward Dane Manchester, BRAUDE LAW GROUP, P.C., Rockville, Maryland, for Appellant.  Ezra S. Gollogly, KRAMON & GRAHAM, PA, Baltimore,

Maryland, for Appellees.  **ON BRIEF:**  Louis P. Malick, KRAMON & GRAHAM, P.A., for Appellees.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John C. Grimberg Company, Inc. brought this diversity action against its excess insurers, including XL Specialty Insurance Company and XL Insurance America, Inc. (collectively, XL),[1] seeking insurance coverage for damages in connection with a construction project gone awry. The United States Navy contracted with Grimberg to build a school on a military base in Quantico, Virginia. To carry out the work, Grimberg entered into a subcontract for the construction of insulated concrete form (ICF) walls to support the framing of the school. Unfortunately, even before the project was completed, the ICF walls were found to have been poorly constructed. The Navy raised concerns that the entire structure was compromised and demanded that Grimberg fix the problems. Grimberg incurred significant costs for demolition and reconstruction of the school's framing in carrying out the repairs.

The district court granted XL's motion to dismiss Grimberg's first amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See John C. Grimberg Co., Inc. v. XL Specialty Ins. Co.*, No. 1:23-CV-1690, 2024 WL 2882556 (E.D. Va. June 6, 2024) (the Dismissal). Grimberg then moved to alter or amend the Dismissal pursuant to Rule 59(e) and for leave to file a second amended complaint under Rule 15(a). The district court denied both requests, finding no basis to reconsider the Dismissal and concluding that amendment would be futile. *See John C. Grimberg Co., Inc.*

---

[1] Although XL Insurance America, Inc. is listed on the docket, the parties agree that it is not properly a party to this appeal.

*v. XL Specialty Ins. Co.*, No. 1:23-CV-1690, 2024 WL 4523818 (E.D. Va. Sep. 5, 2024) (the Reconsideration and Second Amended Complaint Denial). Grimberg timely appealed both the Dismissal and the Reconsideration and Second Amended Complaint Denial.

We briefly address choice of law. The parties dispute whether we should apply Maryland or Virginia state law. Virginia common law would require that we apply the laws of the State of Maryland because the insurance policies were delivered to Grimberg in Maryland. Grimberg contends, however, that a Virgina statute modifies that common law rule by requiring all "insurance contracts on or with respect to the ownership, maintenance or use of property" in Virgina to "be deemed to have been made in" Virginia and therefore construed under Virgina law. Va. Code Ann. § 38.2-313. The district court declined to reach the question of whether the Virgina statute applied, having found that the same result would yield under either Maryland or Virgina law. *Grimberg Co.*, 2024 WL 2882556, at *4. We agree and affirm the district court's choice of law analysis. *See World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co.*, 783 F.3d 507, 514 (4th Cir. 2015) (explaining that courts "need not resolve" choice of law where it would not impact any relevant analysis).

On to the merits. Having carefully reviewed the record, including Grimberg's proposed second amended complaint, and having considered the parties' appellate briefs and oral argument, we discern no reversible error in the rulings challenged on appeal. We therefore affirm in full the district court's Dismissal and Reconsideration and Second Amended Complaint Denial.

*AFFIRMED*

4